## LAW OFFICES OF
### UGO UZOH, P.C.
255 LIVINGSTON STREET, 4TH FL.
BROOKLYN NY, 11217
PHONE: (718) 874-6045
Attorneys for plaintiff

------------------------------------X-------------------------------
KEITH PRICE A.K.A. KEITH PRYCE,   : UNITED STATES DISTRICT COURT
        Plaintiff(s),   : EASTERN DISTRICT OF NEW YORK
                            :
                             :CASE No.: 07 CV 2846 (FB)(LB)
    against                :
                             :CIVIL ACTION
                             :
THE CITY OF NEW YORK,             : **AMENDED COMPLAINT**
P.O. EUGENE JONNY                 :
[SHIELD NO. 6512],                : **PLAINTIFF DEMANDS**
                             :TRIAL BY JURY
        Defendant(s).   :
------------------------------------X-------------------------------

    TAKE NOTICE, the Plaintiff, Keith Price a.k.a. Keith Pryce, hereby appears in this action by his attorneys, The Law Offices of Ugo Uzoh, P.C., and demands that all papers be served upon him, at the address below, in this matter.

    Plaintiff, Keith Price a.k.a. Keith Pryce, by his attorneys, Ugo Uzoh, P.C., complaining of the defendants, The City of New York and P.O. Eugene Jonny [Shield No. 6512], collectively referred to as the defendants, upon information and belief alleges as follows:

### NATURE OF THE ACTION

1. This is an action at law to redress the deprivation of rights secured to the plaintiff under color of statute, ordinance, regulation, custom, and or to redress the deprivation of rights, privileges, and immunities secured to the plaintiff by the Fourth, Fifth, Eight and Fourteenth Amendments to the Constitution of the United States, and by Title 42 U.S.C. § 1983 [and § 1985], [and arising under the law and statutes of the State of New York].

2. This is an action to further seek compensation for the serious and permanent personal injuries sustained by the plaintiff, as a result of the malicious actions and negligence of the defendants, arising from the illegal and

unlawful arrest and detention of the plaintiff by the defendants in July 2006.

## JURISDICTION

3. The jurisdiction of this Court is invoked under 28 U.S.C. §§ 1331 and 1343(a), and this being an action authorized by law to redress the deprivation of rights secured under color of state and city law, statute, ordinance, regulation, treaty, customary international law and norms, custom and usage of a right, privilege and immunity secured to the plaintiff by the Fourth, Fifth, Eight and Fourteenth Amendments to the Constitution of the United States. Jurisdiction of this court exists pursuant to 42 U.S.C §1983 and under the Fourth, Fifth, Eight and Fourteenth Amendments to the United States Constitution.

4. All causes of action not relying exclusively on the aforementioned federal causes of action as a basis of this Court's jurisdiction are based on the Court's supplemental jurisdiction pursuant to 28 U.S.C. §1367 to hear state law causes of action. The events, parties, transactions, and injuries that form the basis of plaintiff's federal claims are identical to the events, parties, transactions, and injuries that form the basis of plaintiff's claims under applicable State and City laws.

5. As the deprivation of rights complained of herein occurred within the Eastern District of New York, venue is proper in this district pursuant to 28 U.S.C. §§1391 (b) and (c).

## PARTIES

6. Plaintiff resides in Brooklyn, New York and is a resident of the State of New York.

7. Defendant P.O. Eugene Jonny [Shield No. 6512] is a Police Officer and at all times relevant to this action is a Police Officer of the City of New York Police Department and is acting under color of state law. Said officer is being sued in both his individual and official capacities.

8. The defendant City of New York is a municipality in the State of New York and employs the other named defendant(s).

## FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

9. On or about July 21, 2006, at approximately 8:50PM, defendant P.O. Eugene Jonny [Shield No. 6512] employed by defendant City of New York and assigned to the New York Police Department's 77th Precinct, acting in concert with other unknown Police Officers employed by defendant City of New York, without probable cause and or justification arrested plaintiff at or within the vicinity of 1322 Bedford Avenue, Brooklyn, New York, County of Kings, and falsely charged plaintiff with PL 220.03 'Criminal Possession of a Controlled Substance in the Seventh Degree.'

10. Prior to the arrest, about four (4) or more Police Officers employed by defendant City of New York without any notice, reason or justification rushed up to the plaintiff with their guns and or weapons drawn in an effort to harass, abuse, intimidate and humiliate the plaintiff. Thereafter, defendant P.O. Eugene Jonny [Shield No. 6512] and the other unknown Police Officers ordered plaintiff to submit himself to an illegal strip search and proceeded to perform an illegal search of the plaintiff subjecting plaintiff to certain conduct and or actions that were meant to embarrass, humiliate, degrade and debase the plaintiff. The plaintiff, who was confused and terrified at the time, inquired as to what was going. However, defendant P.O. Eugene Jonny [Shield No. 6512] and the other unknown Police Officers who were all dressed in their street clothes at the time ignored plaintiff's inquiries and were rather insistent upon arresting and charging the plaintiff with a crime. Even though the illegal search performed by defendant P.O. Eugene Jonny [Shield No. 6512] and the other unknown Police Officers did not yield anything, they still proceeded to tightly handcuff plaintiff with his hands placed behind his back and placed plaintiff in a police vehicle together with several other unknown individuals and then transported plaintiff to the 77th Precinct. Thereafter, plaintiff was pedigreed and placed in a holding cell where he was held for several hours.

11. Subsequently, defendant P.O. Eugene Jonny [Shield No. 6512] and the other unknown Police Officers transported plaintiff to the Central Booking where plaintiff was further detained for several hours before plaintiff was finally brought before a judge on or about July 22, 2006. Upon arraignment, plaintiff was charged with PL 220.03 'Criminal Possession

of a Controlled Substance in the Seventh Degree.' After his arraignment, plaintiff was transported to Rickers Island where he was further held and detained for approximately seven (7) months. During the time while plaintiff was illegally detained, plaintiff requested but was denied access to food and drink, as well as contact and visitation by his friends and family.

12. Thereafter, defendants transported plaintiff to the Criminal Court on numerous occasions pursuant to court orders to defend the false charges that were brought against him by the defendants. On or about February 20, 2007, the charges against the plaintiff were summarily dismissed.

13. That even though the defendants knew, or should have known based on the facts, that plaintiff did not commit any crime or offense, they still proceeded to detain and or arrest the plaintiff, and used excessive force to assault, detain, and imprison the plaintiff just to intimidate plaintiff.

14. That at no time during the arrest was plaintiff read his Miranda rights or allowed to make a phone call or inform his family that he had been arrested.

15. That plaintiff was maliciously prosecuted without any just cause or reason, and with defendants fully aware that plaintiff was innocent of the charges against him at all times relevant.

16. That plaintiff did not commit any offense against the laws of New York City and or State for which the arrest may be lawfully made. At no time did the plaintiff trespass or obstruct any act or administration of government, or engage in any conduct which in any way justified the illegal and unlawful actions of the defendants.

17. As a direct and proximate result of defendants' actions, plaintiff suffered and continues to suffer serious injuries, including but not limited to emotional distress, nightmares, panic attacks, mental anguish, unwarranted severe anger bouts, permanent scarring and severe physical pains in various parts of his body some or all of which may be permanent.

18. The illegal and unlawful arrest, and plaintiff's wrongful imprisonment particularly in light of the fact that the

defendants had full knowledge of the lack of any legitimate cause or justification, were intentional, malicious, reckless and in bad faith.

19. As a direct and proximate result of defendants' actions, plaintiff suffered and continues to suffer, mental anguish, repetitive injury, psychological and emotional distress, and physical pain and suffering, some or all of which may be permanent.

20. As a direct and proximate result of plaintiff's illegal and unlawful detention and confinement, plaintiff has lived and continues to live in constant fear, continues to suffer from nightmares, is now fearful of stepping outside and whenever he sees a police officer or government official or is in the midst of a police officer or government official, he suffers various emotional setbacks and attacks. Additionally, plaintiff has been unable to function normally which has caused a severe strain and breakdown in his personal relationships, in and outside of his home and family circles.

21. As a direct and proximate result of defendants' actions, plaintiff was arrested and imprisoned without just or probable cause.

22. As a direct and proximate result of defendants' actions, plaintiff was deprived of his due process rights, and rights, remedies, privileges, and immunities under the Fourth, Fifth, Eight and Fourteenth Amendments to the United States Constitution, and treatise, ordinances, customary international law and norms, custom and usage of a right, and the laws of the City and State of New York.

23. Defendant City of New York, as a matter of policy and practice, has with deliberate indifference failed to properly sanction or discipline its officers and or agents including the defendants in this case, for violation of the constitutional rights of its citizens, thereby causing its officers and or agents including the defendants in this case, to engage in unlawful conduct.

24. The actions of defendants, acting under color of State law, deprived plaintiff of his due process rights, and rights, remedies, privileges, and immunities under the laws and Constitution of the United States, treatise, ordinances, customary international law and norms, custom and usage of

a right; in particular, the rights to be secure in his person and property, to be free from the excessive use of force and from malicious prosecution, abuse of process, and the right to due process.

25. By these actions, defendants have deprived plaintiff of rights secured by treatise, ordinances, customary international law and norms, custom and usage of a right, and the Fourth, Fifth, Eight and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. § 1983.

26. That the actions of the defendants were malicious, illegal, unlawful, and directed at depriving the plaintiff of his constitutional rights.

27. This action has been commenced within three years after the occurrence of the event(s) upon which the claim is based.

## AS A FIRST CAUSE OF ACTION:

42 U.S.C § 1983 - against all defendants

28. Plaintiff hereby restates paragraphs 1-27 of this complaint, as though fully set forth below

29. By detaining and imprisoning plaintiff without justification, probable cause or reasonable suspicion, and using excessive force, defendants deprived plaintiff of his due process rights, and rights, remedies, privileges, and immunities guaranteed to every citizen of the United States, in violation of 42 U.S.C. § 1983, including, but not limited to, rights guaranteed by the Fourth, Fifth, Eight and Fourteenth Amendments of the United States Constitution.

30. In addition, the arresting Police Officers including P.O. Eugene Jonny [Shield No. 6512] conspired among themselves to deprive plaintiff of his constitutional rights secured by 42 U.S.C. § 1983, and by the Fourth, Fifth, Eight, and Fourteenth Amendments to United States Constitution, and took numerous overt steps in furtherance of such conspiracy, as set forth above.

31. The arresting Police Officers including P.O. Eugene Jonny [Shield No. 6512] acted under pretense and color of state law and in their individual and official capacities and

within the scope of their respective employment as officers of the City of New York. Said acts by the arresting Police Officers including P.O. Eugene Jonny [Shield No. 6512] were beyond the scope of their jurisdiction, without authority of law, and in abuse of their powers, and said arresting Police Officers including P.O. Eugene Jonny [Shield No. 6512] acted willfully, knowingly, and with the specific intent to deprive the plaintiff of his constitutional rights secured by 42 U.S.C. § 1983, and by the Fourth, Fifth, Eight, and Fourteenth Amendments to the United States Constitution.

32. As a direct and proximate result of the misconduct and abuse of authority detailed above, plaintiff sustained the damages hereinbefore stated.

## AS A SECOND CAUSE OF ACTION:

Excessive Force - all defendants

33. Plaintiff hereby restates paragraphs 1-32 of this complaint, as though fully set forth below

34. In using excessive force, handcuffing, threatening, intimidating plaintiff, the arresting Police Officers including P.O. Eugene Jonny [Shield No. 6512], acting in their capacities as officers of the City of New York, and within the scope of their employment, each committed a willful, unlawful, unwarranted, and intentional assault and battery upon plaintiff.

35. As a direct and proximate result of the misconduct and abuse of authority detailed above, plaintiff sustained the damages hereinbefore stated.

## AS A THIRD CAUSE OF ACTION:

False Arrest and False Imprisonment - all defendants

36. Plaintiff hereby restates paragraphs 1-35 of this complaint, as though fully set forth below

37. The defendants wrongfully, illegally and unlawfully arrested, detained, and imprisoned plaintiff.

38. The wrongful arrest, detention, and imprisonment of plaintiff were carried out without a valid warrant, without

plaintiff's consent, and without probable cause or reasonable suspicion.

39. At all relevant times, the defendants acted with excessive force in apprehending, detaining, and imprisoning the plaintiff.

40. Throughout this period, plaintiff was unlawfully, wrongfully, and unjustifiably harassed, detained, threatened, deprived of his liberty, and imprisoned.

41. All of the foregoing occurred without any fault or provocation on the part of the plaintiff.

42. The defendants acted with a knowing, willful, wanton, grossly reckless, unlawful, unreasonable, unconscionable, and flagrant disregard of plaintiff's rights, privileges, welfare, and well-being and are guilty of egregious and gross misconduct toward the plaintiff.

43. As a direct and proximate result of the misconduct and abuse of authority detailed above, plaintiff sustained the damages herein-before stated.

## AS A FOURTH CAUSE OF ACTION:

Malicious Prosecution - all defendants

44. Plaintiff hereby restates paragraphs 1-43 of this complaint, as though fully set forth below

45. During the approximately 7-month period while the plaintiff was incarcerated, the defendants transported plaintiff to the Criminal Court on numerous occasions pursuant to court orders to defend the false charges that were brought against him by the defendants. On or about February 20, 2007, following a lengthy period of unlawful incarceration, the charges against plaintiff were summarily dismissed.

46. As a result of defendants' actions plaintiff was deprived of his liberty and was restricted in his ability to travel and engage in his usual occupation and normal lifestyle.

47. As a direct and proximate result of the misconduct and abuse of authority detailed above, plaintiff sustained the damages herein-before stated.

## AS A FIFTH CAUSE OF ACTION:

Illegal and Unreasonable Search & Seizure - individual defendant(s)

48. Plaintiff hereby restates paragraphs 1-47 of this complaint, as though fully set forth below

49. Defendant P.O. Eugene Jonny [Shield No. 6512] and the other unknown Police Officers wrongfully, illegally, unlawfully and unreasonably performed a bodily search of the plaintiff.

50. The wrongful, illegal, unlawful and unreasonable search and seizure were carried out without warrant, without plaintiff's consent and without probable cause or reasonable suspicion.

51. All of the foregoing occurred without any fault or provocation on the part of the plaintiff, and were in violation of the Fourth Amendment to United States Constitution.

52. Defendant P.O. Eugene Jonny [Shield No. 6512] and the other unknown Police Officers acted with a knowing, willful, wanton, grossly reckless, unlawful, unreasonable, unconscionable, and flagrant disregard of plaintiff's rights, privileges, welfare, and well-being and are guilty of egregious and gross misconduct toward the plaintiff.

53. As a direct and proximate result of the misconduct and abuse of authority detailed above, plaintiff sustained the damages herein-before stated.

**WHEREFORE**, plaintiff respectfully requests judgment against the defendants as follows:

1. On the First Cause of Action against all defendants, compensatory and punitive damages in an amount to be determined at trial, and reasonable attorney's fees and costs under 42 U.S.C. § 1988;

2. On the Second Cause of Action, against all defendants, compensatory damages in an amount to be determined at trial, punitive damages against defendant Police Officer(s) in an amount to be determined at trial;

3. On the Third Cause of Action, against all defendants, compensatory damages in an amount to be determined at trial, punitive damages against defendant Police Officer(s) in an amount to be determined at trial;

4. On the Fourth Cause of Action, against all defendants, compensatory and punitive damages in an amount to be determined at trial;

5. On the Fifth Cause of Action, against all defendants, compensatory and punitive damages in an amount to be determined at trial; and

6. Such other and further relief as this Court may deem necessary in the interest of justice.

Dated: July 17, 2009
Brooklyn, New York

Respectfully Submitted,

By: _____
Ugochukwu Uzoh [UU-9076]
255 Livingston Street,
4th Floor
Brooklyn, New York 11217
Tel. No. : (718) 874-6045
Fax No. : (718) 576-2685

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

KEITH PRICE A.K.A. KEITH PRYCE,

                                                      Plaintiff(s),

against

THE CITY OF NEW YORK AND P.O. EUGENE JONNY [SHIELD NO. 6512],

                                                      Defendant(s).

---

**AMENDED SUMMONS & COMPLAINT**
**DEMANDS TRIAL BY JURY**

---

**LAW OFFICES OF UGO UZOH, P.C.**
255 LIVINGSTON STREET, 4TH FLOOR, BROOKLYN, NY 11217
TELEPHONE: (718) 874-6045; FACSIMILE: (718) 576-2685
EMAIL: u.ugochukwu@yahoo.com

---

To:


Defendant(s)/Attorney(s) For Defendant(s).

---

    Service of a copy of the within is hereby admitted

        Dated:_____

        Attorney(s) For:_____